

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

JERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady, Commissioner,
Department of Banking
Austin, Texas

Dear Mr. Brady:                    Opinion No. O-2593

> Re: Whether or not a savings
> department may legally
> invest in a first-mortgage
> note, the maturity of which
> is more than ten years from
> the date of execution, but
> which note will mature with-
> in ten years from the date
> of purchase?

By your letter of November 8, 1940, you make the
following request for an opinion of this department, to-
wit:

"Your attention is directed to the pro-
visions of Article 416 of the Revised Statu-
tes, covering the character of investments
to be made by banks under their savings de-
partments.

"Section 5 of that Article provides that
a bank may invest in first mortgage notes se-
cured by real estate 'to run for a term not
longer than ten years....'

"Section 6 provides for the purchase of
bankers acceptances 'having a maturity of not
longer than six months from the date of the
purchase thereof.'

"In the light of the above, I respectful-
ly submit:

"May a savings department legally invest
in a first mortgage note, the maturity of which
is more than ten years from the date of execu-
tion, but which note will mature within ten
years of the date of purchase?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You are respectfully advised that it is the opinion of this department your question should be answered in the affirmative.

Subdivision 5, of Article 416, Revised Civil Statutes, insofar as pertinent, provides:

"In bonds or notes secured by first mortgage, first deed of trust, or other first lien on improved real estate in Texas * * * such bonds or notes to run for a term of not longer than ten (10) years, and to be always accompanied by a complete abstract of title to the property mortgaged, and an attorney's certificate approving the title or a title insurance policy in some company incorporated under the laws of Texas guaranteeing the title and guaranteeing that said bonds or notes retain a first lien on the land mortgaged."

The obvious purpose of the statute in thus safeguarding the funds of our savings departments, was to see that such loans or investments were not made for an unreasonable time, and the Legislature has named ten years for such reasonable time. The ten years named mark the time for which the bank may put out its money. The statute is prospective and not retrospective. It is not concerned with the past running of the note, but is concerned only with the future time for which it will run. The idiom of our language is such that the infinitive "to run" connotes the future and not the past. So that, the period said bonds or notes may run dates from the time of the acquisition thereof by the bank, and not from the date of the execution of the instrument.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED NOV 15, 1940

ATTORNEY GENERAL OF TEXAS